IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SEVIER COUNTY SCHOOLS FEDERAL CREDIT UNION, SUSANNE MUNSON, GEOFFREY WOLPERT, CHARLES MCGAHA, CHARLENE MCGAHA, ROBIN NICHOLS, GREGORY NICHOLS, REX NICHOLS, and SARAH MORRISON, on behalf of Plaintiffs and the class defined herein, <br><br>　　　　　　Plaintiffs, <br><br>v. <br><br>BRANCH BANKING & TRUST COMPANY, <br><br>　　　　　　Defendant. | Case No. 3:19-cv-138 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, *et seq.*, Defendant Branch Banking and Trust Company ("BB&T"), by and through counsel, files this Notice to remove to this Court an action brought against it and currently pending in the Circuit Court for Sevier County, Tennessee, bearing Case No. 19-CV-190 III, and with respect thereto would show this Court as follows:

　　　1.　　On March 22, 2019, Plaintiffs Sevier County Schools Federal Credit Union, Susanne Munson, Geoffrey Wolpert, Charles McGaha, Charlene McGaha, Robin Nichols, Gregory Nichols, Rex Nichols, and Sarah Morrison, on behalf of Plaintiffs and the class defined therein (the "Putative Class" or "Plaintiffs") commenced the above-styled cause in the Circuit Court for Sevier County, Tennessee, Case No. 19-CV-190 III, against BB&T.

　　　2.　　On or about March 22, 2019, Plaintiffs served process and the Complaint on BB&T. The Complaint alleges, among other things, breach of contract against BB&T. Plaintiffs seek an undefined amount of damages and injunctive relief.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of the aforementioned Complaint, as well as a copy of the file from the Circuit Court for Sevier County, Tennessee, which includes all process, pleadings and orders served upon BB&T, are attached hereto as **Collective Exhibit A** and made a part of this Notice by reference.

4. By filing the instant Notice of Removal, BB&T does not waive, and fully reserves, all defenses it may have, including but not limited to, defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief may be granted, and any objections to class certification.

5. The time period within which BB&T is required to file this Notice of Removal pursuant to 28 U.S.C. § 1446 has not yet expired. Plaintiffs served BB&T with process and the Complaint on March 22, 2019, and the case, as filed, was immediately removable based on diversity of citizenship. This Notice of Removal is timely filed within thirty (30) days after service of the Complaint in accordance with 28 U.S.C. § 1446(b).

6. Plaintiffs' action is civil in nature, and this Court has original jurisdiction over the action under both the traditional diversity provisions of 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005 ("CAFA").

7. Specifically, as to traditional diversity, the requisite diversity of citizenship exists, as provided in 28 U.S.C. § 1332(a) and (d). All putative class representative Plaintiffs are citizens and residents of Tennessee while Defendant BB&T is incorporated in North Carolina and its principal place of business is located in North Carolina. Compl. at ¶¶ 6-15.

8. Further, the requisite amount in controversy exists, as provided in 28 U.S.C. § 1332(a) and (d). Based on the allegations in the Complaint and BB&T's records, the

4831-0016-8596v1
2814465-000606 04/19/2019

jurisdictional amount in controversy exceeds $75,000 for at least one putative class representative Plaintiff.

9. Alternatively, this action qualifies for removal under the relaxed standards of CAFA because: a) There is minimal diversity between BB&T and at least one member of the Putative Class; b) the matter in controversy, in the aggregate, exceeds $5,000,000; and c) the Putative Class consists of at least 100 members, named and unnamed.

10. The CAFA class size exclusion of 28 U.S.C. § 1332(d)(5) does not apply because the Putative Class contains at least 100 named and unnamed members. As defined in the Complaint, the Putative Class consists of "all those who opened Money Market Investment Accounts ("MMIA") with First National Bank of Gatlinburg ("First National Bank") with a guaranteed interest rate of 6.5% from 1989 through February 1992, and who (1) maintained their account with BB&T, and (2) did not transfer their account to any third party through February 1, 2018." Compl. at ¶ 19. Based on this definition and BB&T's records, the Putative Class contains at least 100 members and satisfies 28 U.S.C. § 1332(d)(5).

10. Removal is not precluded by the "resident defendant" exception under 28 U.S.C. § 1441(b)(2) because BB&T is not a Tennessee resident. The CAFA restrictions under 28 U.S.C. § 1332(d)(3) and (d)(4) are similarly inapplicable here because BB&T is not a Tennessee resident. Therefore, removal is proper and this Court cannot decline jurisdiction pursuant to CAFA.

11. By filing this Notice of Removal, BB&T consents to removal of the action to this Court.

12. Pursuant to 28 U.S.C. § 1446(d), Plaintiffs will be served with written notice of removal, and a copy of this Notice of Removal will be filed contemporaneously with the Circuit

4831-0016-8596v1
2814465-000606 04/19/2019
Case 3:19-cv-00138-TRM-DCP   Document 1   Filed 04/19/19   Page 3 of 5   PageID #: 3

Court for Sevier County, Tennessee. A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

13. Based on the foregoing, Defendant BB&T respectfully requests that the United States District Court for the Eastern District of Tennessee accept this Notice of Removal and assume jurisdiction of this cause and issue such further orders and processes as may be necessary to bring before it all necessary parties.

WHEREFORE, Defendant Branch Banking and Trust Company files this Notice for the purpose of removing this action from the Circuit Court for Sevier County, Tennessee, to the United States District Court for the Eastern District of Tennessee.

Respectfully submitted this 19th day of April, 2019.

                                    BAKER DONELSON BEARMAN,
                                    CALDWELL BERKOWITZ, P.C.

                                    */s/ John S. Hicks*
                                    John S. Hicks (#010478)
                                    V. Austin Shaver (#026581)
                                    211 Commerce Street, Suite 800
                                    Nashville, TN 37201
                                    (615) 726-5600
                                    (615) 726-0464 (facsimile)
                                    jhicks@bakerdonelson.com
                                    vshaver@bakerdonelson.com

                                    Nicholas W. Diegel (#034211)
                                    265 Brookview Centre Way, Suite 600
                                    Knoxville, Tennessee 37919
                                    (865) 549-7000
                                    (865) 525-8569 (facsimile)
                                    ndiegel@bakerdonelson.com

                                    *Attorneys for Defendant*
                                    *Branch Banking and Trust Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing **Notice of Removal** has been filed electronically and has been served upon the following parties in interest herein by electronic mail and by delivering same to the offices of said parties in interest, or by mailing same to the offices of said parties in interest by United States Mail with sufficient postage thereon to carry the same to its destination.

| | |
|---|---|
| Gregory Brown | Donald K. Vowell |
| Christopher Field | VOWELL LAW FIRM |
| LOWE YEAGER & BROWN PLLC | 6718 Albunda Drive |
| Riverview Tower, Suite 2102 | Knoxville, TN 37919 |
| 900 South Gay Street | (865) 292-0000 |
| Knoxville, TN 37902 | *Attorney for Plaintiffs* |
| (865) 521-6527 | |
| *Attorneys for Plaintiffs* | |

This 19th day of April, 2019.

>	*/s/ John S. Hicks*
>	Attorney