UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SEVIER COUNTY SCHOOLS FEDERAL CREDIT UNION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 3:19-CV-138-TRM-HBG |
| BRANCH BANKING TRUST & COMPANY | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are Plaintiffs' Motion to Compel Discovery [Doc. 78] and Defendant's Motion for Protective Order [Doc. 79]. Accordingly, for the reasons explained below, the Court **GRANTS** Plaintiffs' Motion to Compel Discovery [**Doc. 78**] and **DENIES** Defendant's Motion for Protective Order [**Doc. 79**].

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action in state court on March 22, 2019, serving the Complaint and an initial set of written discovery on Defendant that same day. [Doc. 78 at 1 ¶ 1]. Defendant removed the case to this Court on April 19, 2022. [Doc. 1]. Plaintiff filed the Amended Complaint [Doc. 87] on November 18, 2021, alleging breach of contract against Defendant.

The Parties conducted a Rule 26(f) Planning Conference on June 11, 2021, and they agreed to set the Parties' 26(a)(1) Initial Disclosure deadline to 30 days following the conference. [Doc. 78 at 2 ¶ 3]. Plaintiffs served Defendant with their first post-removal set of written discovery on

June 15, 2021. [*Id.* at ¶ 4]. On July 7, 2021, Defendant moved the Court for an order staying discovery pending resolution of its Motion for Judgment on the Pleadings, or, alternatively, for an additional thirty (30) days to respond to Plaintiffs' first set of written discovery requests. [Doc. 63]. On July 8, 2021, the Court denied Defendant's request to stay discovery but granted Defendant additional time to respond to Plaintiffs' discovery requests. [Doc. 65].

Defendant served its initial disclosures on Plaintiffs on July 12, 2021. [Doc. 78 at 2 ¶ 7]. On July 21, 2021, Plaintiffs requested dates for the deposition of BB&T Vice President Christopher Powell; however, Plaintiffs state that Defendant has yet to provide any available dates or respond to Plaintiffs' request. [*Id.* at ¶ 8]. On August 20, 2021, Defendant responded to Plaintiffs' written discovery requests; however, Plaintiffs maintain that Defendant's response is deficient and the raised objections are without merit. [*Id.* at 2–3 ¶ 9–10]. Plaintiffs served Defendant with a discovery dispute letter addressing the deficiencies in the responses and the bases for objection Defendant raised. [*Id.* at 3 ¶ 11]. Defendant acknowledged receiving the dispute letter, requested additional time to respond to it, and indicated it would "respond by letter by Friday and then schedule a call next week to discuss the issues as framed by our letters." [Doc. 78-4]. Plaintiffs agreed to Defendant's proposal and suggested dates for a conference. [*Id.*].

Plaintiffs state that Defendant never provided the promised response to Plaintiffs' discovery dispute letter, but in any case, a conference call occurred on September 8, 2021. [Doc. 78 at 3 ¶ 14]. Plaintiffs claim that, during the conference call, Defendant agreed that its responses were deficient, that its objections were not applicable, and stated that it would supplement the responses. [*Id.* at ¶ 15]. However, the Parties failed to agree on the timing or substance of the supplementation, necessitating the Court's involvement.

2

## II.     ANALYSIS

Before turning to the specific relief sought in the motion to compel, the Court will begin with Federal Rule of Civil Procedure 26, which governs discovery. Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Courts have cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97-ART-EBA, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016). "[T]he [C]ourt retains the final discretion to determine whether a discovery request is broad or oppressive." *Id.* (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). Additionally, pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party may move the Court to enter an order compelling an inspection of documents, where a party has failed to permit such inspection. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

Plaintiffs request Defendant's responses to fourteen (14) interrogatories. Plaintiffs argue that Defendant has made no more than mere "boilerplate" objections to each of these requests, provided inapplicable and/or improper bases for refusing to respond to the interrogatories propounded, and substantively answered only one of the questions—an answer that Plaintiff says

was incomplete anyway. Plaintiffs also request responses to eighteen (18) requests for documents or things. Plaintiffs state that Defendant has asserted the potential application of a privilege and/or improperly claimed documents were protected from production but did not provide a privilege log as is required under Fed. R. Civ. P. 26(b)(5), did not state whether documents were being withheld based on the objections as required by Fed. R. Civ. P. 34(2)(C), nor provide any evidence to justify its objections on the grounds that the requests were "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence."

Plaintiffs request that the Court enter an Order compelling Defendant to fully respond to Plaintiffs' First Set of Interrogatories and First Requests for Production of Documents by a date certain. Additionally, Plaintiffs request for the Court to rule that the "boilerplate and unjustified objections" raised by Defendant have been waived or, if not waived in their entirety, that Defendant be ordered to justify its objections in accordance with the Rules by specifying what Defendant has done to conduct a reasonable inquiry, what efforts it has undertaken to search for responsive information, to identify the persons with whom it spoke and the dates on which any searches for discoverable information were conducted, and otherwise establish the "presently barebones claim that responding would be 'unduly burdensome.'" [Doc. 78 at 13–14]. Finally, Plaintiffs request for the Court to sanction Defendant and award Plaintiffs all expenses, including attorneys' fees, incurred in addressing Defendant's responses and in the making of the motion to compel.

Defendant argues that Plaintiffs are not entitled to an order compelling discovery because they have not filed the motion to compel in good faith. Defendant states this is because Plaintiffs' motion is premature, Plaintiffs' discovery requests and demand for immediate supplementation

place an undue burden on Defendant, and Plaintiffs have no urgent need for discovery from Defendant.

Federal Rule of Civil Procedure 26(c) governs protective orders. That Rule authorizes a court to enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Among the types of relief illustrated in subsection (c) is, in subsection (G), "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). A party requesting a protective order must establish good cause for such an order. *Eagle v. Hurley Med. Ctr.,* 292 F.R.D. 466, 478 (E.D. Mich. 2013). "This Rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.* (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984)).

Defendant requests for the Court to enter a protective order that provides it sufficient time to conduct necessary witness interviews and to search for potentially relevant documents to obtain responsive, relevant information. Defendant argues that a protective order is necessary to protect it from undue burden and to provide a reasonable timeline for it to respond to Plaintiff's discovery requests. The Court notes that Defendant has not presented a proposed protective order to the Court, and the Court finds that Defendant has not established good cause for a protective order. The Court notes that despite this finding, either party may present a proposed protective order for the Court's consideration were the need to arise and for good cause shown.

The Court grants Plaintiff's Motion to Compel as the Interrogatories and Requests are relevant, and the motion is well-taken. The Court does not find the discovery requests are overbroad, and Defendant has had ample to time adequately respond. Defendant is ordered to fully

5

respond to Plaintiffs' First Set of Interrogatories and First Requests for Production of Documents within **thirty (30) days** of the entry of this Order. Defendant is further ordered to produce a Privilege log pursuant to Fed. R. Civ. Pro. 26(b)(5) to the extent that certain aspects of the requested material may be subject to attorney-client privilege/work product. The Court does not find an award of fees to be appropriate at this time.

The Court notes that, pursuant to the Tennessee Financial records Privacy Act ("TFRPA"), Defendant is forbidden from disclosing any customers' "financial records" to any person.[1] However, "financial records" is not an all-encompassing term, as it does not include a customer's name, address, or account number; thus, that information is discoverable, and such disclosure would not violate the TFRPA.[2] As such, a protective order is unnecessary at this time, as it is clear from the relevant state law that customers' names, addresses, and account numbers are not considered "financial records" under the TFRPA and, thus, may be disclosed.

Furthermore, the Court declines to stay discovery as to the "Signature Card Plaintiffs" as requested by Defendant. *See* [Doc. 79 at 9]. The Court has not Compelled Arbitration as to the "Signature Card Plaintiff's" at this time; thus, discovery as to those plaintiffs will not be stayed. However, the Court notes that Defendant has filed a Motion to Compel Arbitration as to Certain Named Plaintiffs [Doc. 88]; therefore, the Court finds that Defendant's arbitration rights will not

---

[1] *See* Tenn. Code Ann. § 45-10-104 ("a financial institution may not disclose to any person, except to the customer or the customer's agent, any financial records relating to that customer unless . . . .").

[2] *See* Tenn. Code Ann. § 45-10-102 (defining financial records as "any original document, any copy of an original document, or any information contained in the document, *other* than a customer's name, address, and account number, held by or in the custody of a financial institution, where the document, copy or information is identifiable to one (1) or more customers of the institution . . . .") (emphasis added).

have been waived upon engaging in discovery as to the "Signature Card Plaintiffs" were the Court to grant Defendant's motion.

## III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Compel Discovery [**Doc. 78**] and **DENIES** Defendant's Motion for Protective Order [**Doc. 79**].

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

7

Case 3:19-cv-00138-TRM-HBG   Document 95   Filed 12/29/21   Page 7 of 7   PageID #: 1082