UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GEOFFREY WOLPERT, *et al.*, individually and on behalf of all others similarly situated, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:19-CV-138-TRM-DCP |
| BRANCH BANKING TRUST & COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Compel Discovery and for Sanctions [Doc. 190]. Defendant has responded in opposition to the motion [Doc. 191], and Plaintiffs filed a reply [Doc. 193]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion [**Doc. 190**].

I.  **BACKGROUND**

This dispute relates to Plaintiffs' First Request for Production of Documents [Doc. 190-1],[1] and more specifically, Plaintiffs' request "to produce, without redaction, full and complete responses to their request for documents pertaining to Joseph Brooks, a subject account holder and

---

[1] Plaintiffs served the Complaint and an initial set of written discovery on Defendant on March 22, 2019, when Plaintiffs initially filed their action in state court. Defendant removed the case to federal court on April 19, 2019, and Plaintiffs served Defendant with their first post-removal set of written discovery the same day [Doc. 78 pp. 1-2].

putative class member" [Doc. 190 p.1]. In the alternative, Plaintiffs request that Defendant produce the privilege log [*Id*.]. Plaintiffs also seek sanctions in the form of attorney's fees [*Id*. at 7–9].

According to Plaintiffs, Defendant was originally concerned about producing such records, claiming that they were protected by the Tennessee Financial Records Privacy Act ("TFRPA") [*Id*. at 2 (citing Doc. 190-2)]. On February 9, 2023, Plaintiffs provided Defendant a copy of the Power of Attorney and Authorization for Joseph Brooks [Doc. 190-2 p. 1]. Specifically, Plaintiffs sent Defendant the following:

> I, Joseph C. Brooks of 301 Roberta Drive, Greenville SC 29615 do hereby designate Attorney Donald K. Vowell and/or the Law Firm of Lowe, Yeager and Brown of Knoxville TN as my true and lawful attorney-in-fact and power of attorney for the purpose of obtaining any and all records pertaining to my MMIA account at First National Bank of Gatlinburg and the successor accounts at BankFirst and BB&T/Truist, including any records relating to my complaint to the FDIC or CFPB related to the fact that BB&T refused to honor the guaranteed interest 6.5% rate and any signature cards or other account-creating documents and I do authorize the said attorney and law firm to request and obtain on my behalf any and all records pertaining to my said account.

[*Id*.]

On February 24 and March 27, 2023, Plaintiffs inquired about the production of Joseph Brooks's documents [Doc. 190-3 p. 2]. Specifically, on March 27, 2023, Plaintiffs' counsel wrote:

> Under the circumstances, please be advised that this is our final effort to meet and confer on this request. If [you] have not produced the records or at least provided an explanation by 5:00 p.m. (Eastern time) Wednesday, March 29, 2023, we will consider that you are unwilling to cooperate, and we will file an appropriate motion.

[*Id*. at 2]. On March 29, 2023, defense counsel wrote, in relevant part, "As to the Joseph Brooks account, we will be producing responsive, non-privileged documents to your requests next week"

[*Id*. at 1].  On April 7, 2023, Defendant produced Joseph Brooks's bank account statements and noted that it would produce the remaining documents related to his regulatory complaints to the Federal Deposit Insurance Corporation ("FDIC") and the Consumer Financial Protection Bureau ("CFPB") the following week [Doc. 190-4 p. 2].  On April 14, 2023, Defendant sent Plaintiff an email with a link to those documents, but thirteen (13) of the nineteen (19) were redacted [Doc. 190 p. 4 (citing 190-4 p. 1)].  Defendant stated that it would serve a revised privilege log the following week, *i.e.*, April 17, 2023 [*Id*. at 5 (citing Doc. 190-4 p. 1)]. Plaintiffs did not receive the privilege log the week of April 17, so they followed up on April 27, April 28, and May 1, 2023 [*Id*.].  Plaintiffs warned that if they did not receive the privilege log by May 3, 2023, they would file a motion to compel [*Id*.].

On May 5, 2023, Plaintiffs filed their instant motion.  As mentioned above, Plaintiffs request an order compelling Defendant "to produce, without redaction, full and complete responses to their request for documents pertaining to Joseph Brooks, a subject account holder and putative class member" [*Id*. at 1].  Alternatively, Plaintiffs seek the privilege log [*Id*.].  Plaintiffs argue that Defendant has not explained why the privilege log has not been produced, and "[a]t this point, any claimed privilege or protection should be deemed waived" [*Id*. at 6].  Plaintiffs also seek sanctions against Defendant, arguing that this is not the first time they have had to seek relief with Court.

Claiming that it "has produced both the Joseph Brooks documents in question and a privilege log[,]" Defendant responds that the motion is now moot [Doc. 191 p. 1].  Defendant argues that Plaintiffs' February 9 email did not attach a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the documents Plaintiffs requested are not encompassed in its First Requests for Production of Documents.  Therefore, Defendant

argues, it was never required to respond to Plaintiffs' email request.  In addition, Defendant states that around this time, the parties were preparing for a motion hearing on February 26, 2023, on six motions.  On the day after the hearing, defense counsel advised Plaintiffs' counsel that she would confer with Defendant regarding the request related to Joseph Brooks, and on March 29, defense counsel relayed to Plaintiffs' counsel that Defendant would produce non-privileged documents.

According to Defendant, it produced Joseph Brooks's account statements on April 7 and produced the records related to his complaints on April 14, 2023.  At that time, the parties were also discussing whether to mediate the case, and Defendant "requested that discovery not proceed to conserve further litigation costs as a condition to mediation" [*Id*. at 3].  Defendant states that "Plaintiffs were aware of this fact that [it] was awaiting a response from Plaintiffs as to the stay of discovery by Friday, May 5, when they instead filed the present [m]otion" [*Id*.].  Defendant produced the privilege log on May 8, 2023.

Now that it has produced the privilege log, Defendant argues that there is no waiver of privilege.  Defendant states, "Rather, [it] was working in good faith on an attempt to mediate the case and stay discovery, and Plaintiffs knew this" [*Id*. at 4].  According to Defendant, "District courts in the Sixth Circuit have denied similar motions to compel production of a privilege log as moot on the basis that the requested log was produced" [*Id*. at 6 (citations omitted)].  Even assuming the issue is not moot, Defendant asserts that "this issue is not appropriately before the Court as there was never a proper request for the discovery relating to a 'complaint to the FDIC or CFPB,' and, therefore, there cannot be any obligation to produce a privilege log regarding such request" [*Id*. at 4 (citation omitted)].  Defendant states that Plaintiffs' request that it produce the

4

Case 3:19-cv-00138-TRM-DCP   Document 219   Filed 08/03/23   Page 4 of 12   PageID #: 3447

documents without redactions is meritless and that their request for sanctions should also be denied.

Plaintiffs deny that their motion is moot [Doc. 193]. They argue that Defendant's position that there are no formal discovery requests is "disingenuous" [*Id*. at 2]. If this position were true, Plaintiffs question why Defendant did not raise it early and why it produced Bates-stamped documents. In addition, Plaintiffs state that their motion is not about Defendant's document production, but instead, Defendant's failure to timely produce a privilege log. Plaintiffs argue that Defendant only produced the privilege log after they had to seek relief with the Court. Based on the untimely production, Plaintiffs assert that Defendant has waived the attorney-client privilege.

Further, Plaintiffs state that the privilege log is not sufficient. Plaintiffs argue that the privilege log [Doc. 193-2] is the same as the original, except the addition of twenty-seven (27) new entries. Out of the twenty-seven (27) new entries, thirteen (13) reference the TFRPA. Plaintiffs argue, "A closer look at the TFRPA redactions reveals that the privilege is claimed as to documents pertaining to Bobby Brooks, Joseph Brooks' father, who has executed an authorization permitting the production of his financial records" [Doc. 193 at 9]. Plaintiffs also object to the attorney-client privilege assertions.[2] "Should the Court not be inclined to find that [Defendant] has waived any privileges related to the Joseph Brooks documents on the grounds that the privilege log was not timely produced," Plaintiffs assert they "are still entitled to their fees and costs in accordance with the Federal Rules of Civil Procedure" [*Id*. at 10].

---

[2]     The Court declines to address whether the privilege log is sufficient given that Plaintiffs raised this issue in their reply brief, and it is separate from whether Defendant waived the attorney-client privilege by not timely producing a log [*See* Doc. 196].

5

Case 3:19-cv-00138-TRM-DCP   Document 219   Filed 08/03/23   Page 5 of 12   PageID #: 3448

## II. ANALYSIS

The Court has considered the parties' positions, and for the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion [**Doc. 190**].

Rule 37 of the Federal Rules of Civil Procedure states, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). This includes a failure to produce documents. Fed. R. Civ. P. 37(a)(3). Defendant asserts that Plaintiffs emailed them a request for documents, which is not a formal discovery request. Therefore, Defendant contends, it was not required to respond. Plaintiffs respond Joseph Brooks's documents are within the scope of RFP Nos. 1, 4, 6, 8, 10, and 18.

RFP Nos. 1, 4, 6, 8, and 10 provide as follows:

> 1. Produce any and all writings and written communications of First National Bank of Gatlinburg related to offering MMIA accounts in which the interest rate would never fall or go below 6.5%.
>
> 4. Produce the First National Bank MMIA account agreement, any First National Bank of Gatlinburg agreement setting up the Maintenance Accounts, including any Response Form related to the letters sent to the Subject Account Holders proposing the Maintenance Accounts (similar to Ex. D to the Complaint), and any BB&T agreement setting up the "Subject BB&T Money Rate Savings Accounts" for each Subject Account and/or Subject Account Holder.
>
> 6. Produce any writings, written communications, things, or tangible objects that are in your custody or control relating to offering the MMIA Accounts to customers or potential customers by the First National Bank of Gatlinburg, including but not limited to notices, advertisements, statements of promised or available interest rates, and the commitment that the interest rate would "never fall below 6.5%," and all writings and written communications related to mailing, delivering or sending same to customers or potential customers.

8. Produce any writings or written communications of First National Bank of Gatlinburg, BankFirst and/or BB&T relating to the interest rates on the Subject Accounts, consideration of changing the interest rates on the Subject Accounts, or leaving them unchanged.

10. Produce any writings, written communications, things, or tangible objects that are in your custody or control relating to your efforts, attempts, or claims to change the terms of your banking or legal relationship with the Subject Account Holders, or to otherwise change your banking or legal relationship with the Subject Account Holders (including posting such changes in the bank or mailing or delivering a notice to the Subject Account Holders in their monthly statement) and all writings and written communications related to mailing, delivering or sending same to the Subject Account Holders.

18. Produce any and all writings or written communications related to any of your efforts to communicate with the Subject Account Holders about the Subject Accounts at any time since the Benchmark Date, including but not limited to communications asking about the status of their accounts, their intent regarding closing the accounts or leaving them open, making withdrawals from the accounts, sending abandoned property notices, or advising the Subject Account Holders as to the unclaimed property law, or mentioning the idea that their accounts might escheat or otherwise be transferred to the State of Tennessee if they were not closed.

[Doc. 190-1 pp. 3, 4, 5, and 7].

Defendant states that none of the RFPs seek customer complaints or communications with the FDIC or CFPB. Most of the RFPs request documents of First National Bank of Gatlinburg and its successors (*see, e.g.*, RFP Nos. 1, 8 and 18). RFP No. 4 requests account agreements and Defendant's response form related to letters, and RFP No. 6 targets Defendant's advertisements. But RFP No. 10 requests documents relating to Defendant's "efforts, attempts, or claims to change

7

Case 3:19-cv-00138-TRM-DCP   Document 219   Filed 08/03/23   Page 7 of 12   PageID #: 3450

the terms" of the parties' relationship, which appears to encompass Joseph Brooks's complaints to the FDIC and CFPB [Doc. 190-1 p. 5].

Even so, the Court declines to find that Defendant waived the attorney-client by producing the privilege log after Plaintiffs filed their motion. While many courts have noted that "[t]he complete failure of a party to provide a privilege log may result in a waiver of the claimed privileged[,] . . . such a waiver is not automatic given the harshness of such a sanction." *Jones v. Varsity Brands, LLC*, No. 20-CV-02892-SHL-TMP, 2022 WL 1913043, at *2 (W.D. Tenn. June 3, 2022) (citing *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208-CRS, 2017 WL 6939338, at *14 (W.D. Ky. Feb. 16, 2017)). "Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver. In contrast, evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver." *Brown*, 2017 WL 6939338, at *14 (quoting *Ritacca v. Abbott Lab.*, 203 F.R.D. 332, 334-335 (N.D. Ill. 2001)); *see also Green v. Platinum Restaurants Mid-Am., LLC*, No. 3:14-CV-439-RGJ, 2018 WL 11426960, at *14 (W.D. Ky. July 12, 2018) (explaining the two schools of thought when a party waives the attorney-client privilege by not timely producing a privilege log).

Based on the circumstances, the Court cannot find that Defendant engaged in foot-dragging or had a cavalier attitude towards the discovery process. Here, Plaintiffs requested Joseph Brooks's records on February 9, 2023, and Defendant made two productions—one on April 7 and the other one on April 14, 2023. Thereafter, the parties began discussing mediation. When Plaintiffs filed their motion, Defendant produced the privilege log within three days. The Court does not find the harsh sanction of waiver appropriate here. *Bowman v. Home Depot U.S.A., Inc.*,

No. 3:21-CV-00885, 2022 WL 2294051, at *3 (M.D. Tenn. June 24, 2022) ("While it would have been preferable for [the defendant] to provide its privilege log . . . sooner, under the circumstances its delay does not warrant the extreme result of a waiver of its attorney-client privilege and work product protection").

But Plaintiffs contend that they are still entitled to their attorney's fees and expenses in filing the motion.[3] Rule 37 provides as follows:

> **(5)** *Payment of Expenses; Protective Orders.*
>
> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

---

[3] In their motion, Plaintiffs seek attorney's fees pursuant to Rule 26(g), Rule 37, and/or the Court's inherent authority [Doc. 190 pp. 7–8]. With respect to the latter, the Supreme Court has "made clear that courts must proceed with discretion in invoking their inherent authority, and generally should not rely on their inherent authority in situations where the Federal Rules provide an appropriate mechanism for sanctioning the conduct at issue." *Diamond Consortium, Inc. v. Hammervold*, 386 F. Supp. 3d 904, 915 (M.D. Tenn. 2019) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)). Given that Plaintiffs have also relied on the Federal Rules of Civil Procedure in seeking sanctions, the Court does not need to address its inherent authority to award sanctions. Further, the Court will not address Rule 26(g) given that Plaintiffs do not explain how it is applicable here and instead focus their arguments on Rule 37 in their reply brief.

Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

The Court does find an award of attorney's fees appropriate here.  In support of its position, Defendant argues, "Courts deny requests for fees and expenses in these circumstances as unwarranted" [Doc. 191 p. 7 (citing *Ham v. Marshall Cnty., Ky.*, No. 5:11-CV-11, 2012 WL 4340655, at *1 (W.D. Ky. Sept. 21, 2012) and *Kenney v. Strauss Troy Co., LPA*, No. CV 16-208-DLB-CJS, 2019 WL 13212433, at *4 (E.D. Ky. Oct. 31, 2019)].  But the Court finds these cases inapposite to the circumstances here.  In *Ham*, the court found an award of attorney's fees not appropriate because the defendants (1) "did not act in bad faith[,]" (2) the defendants "acted with reasonable promptness and their initial refusal to disclose the requested information appear[ed] grounded in a good faith belief they were legally entitled to do so under the Federal Rules[,]" (3) the defendants "voluntarily disclosed the privilege log by attaching it to their response" and "without an order from this [c]ourt," and (4) the plaintiff did not "argue that it had been prejudiced by the [d]efendants' delay in disclosing the requested information." *Ham*, 2012 WL 4340655, at *1.

And in *Kenney*, the court found the plaintiff's position was substantially justified. *Kenney*, 2019 WL 13212433, at *4.  In addition, the court found that other circumstances made an award of attorney's fees unjust in light of the "[p]laintiff's good faith attempt to resolve the dispute, both parties' failure to further discuss the issue later in the dispute process, and [the p]laintiff's prompt production of the unredacted fee statements after the motion to compel was filed[.]" *Id*.

The Court appreciates Defendant's prompt production of the privilege log after Plaintiffs filed their motion; however, Defendant has not argued that its untimely production was

substantially justified.[4]  Defendant states that the Court should deny an award of attorney's fees because Plaintiffs acted "contrary to the Court's request that the parties seek to amicably resolve discovery disputes without Court intervention" and Plaintiffs' actions are "nothing more than a fruitless attempt to place pressure on [Defendant] in its good faith discussions and inquiries as to whether Plaintiffs prefer to mediate the case and stay discovery, or proceed to litigate this action" [Doc. 191 p. 7].  But Plaintiffs represent to the Court that, prior to filing their motion, they followed up with defense counsel on April 27, April 28, and on May 1, 2023, regarding the privilege log [Doc. 190 p. 5; Doc. 190-4 p. 1].  And discussions about mediation and whether to stay discovery does not effectuate a stay of the discovery.

Under the circumstances, the Court must award attorney's fees under Rule 37(a)(5)(A).  The Court, however, will only award Plaintiffs a portion of their attorney's fees and expenses for filing the motion and reviewing Defendant's response.  More specifically, the Court finds Plaintiffs are entitled to half of their attorney's fees incurred in filing their motion and all their attorney's fees incurred for reviewing Defendant's response.  The Court finds such fees and expenses reasonable given that Plaintiffs did not prevail on their arguments that Defendant waived the attorney-client privilege, which they argued in their motion and in their reply brief, and Defendant provided the privilege log shortly after Plaintiffs filed their motion.

### III. CONCLUSION

For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Compel Discovery and for Sanctions [**Doc. 190**].  The parties **SHALL** meet

---

[4] In fact, Defendant argued that it was never required to respond.  This argument appears to be contrary with its own actions.  In any event, the Court does not find this position substantially justified for the reasons explained above.

and confer regarding Plaintiffs' award of attorney fees and expenses, and if they cannot agree on the reasonable amount, they may bring the matter to the Court's attention.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge