**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

SEVIER COUNTY SCHOOLS FEDERAL
CREDIT UNION, ET AL.,

      Plaintiffs,                                     Civil Action No.: 3:19-cv-138

v.                                               Judge Travis R. McDonough

BRANCH BANKING TRUST &
COMPANY,                                   Magistrate Judge Debra C. Poplin

      Defendant.

## MOTION TO APPROVE ADMINISTRATIVE COSTS

Plaintiffs, individually and on behalf of the proposed *Settlement Class*, hereby move the Court to approve the Settlement Administrator's fees and expenses incurred in furtherance of this Action. In support of this Motion, Plaintiffs submit the following and rely on the Declarations of the Settlement Administrator (Exhibits 1 and 2) and such oral argument as the Court may consider in deciding this motion.

**I.      INTRODUCTION**

Through the Parties' Settlement, which was granted Preliminary Approval by this Honorable Court on February 16, 2024 (Doc. 278), Defendant Branch Banking & Trust Company ("Defendant" or "BB&T") will pay $6,300,000.00 to settle the Action. The amount to be paid to each Final Settlement Class Member (no Class Members opted out of the Settlement), shall be based upon the amount each Final Settlement Class Member had on deposit as of the Benchmark Date of February 1, 2018, compared to the aggregate amount of funds all Final Settlement Class Members had on deposit in the subject accounts as of that date. *See* Doc. 276 and 276-3.

In preliminarily approving the Settlement, the Court appointed The Trial & Litigation Company ("TLC") as Settlement Administrator and directed TLC to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and its Order. (Doc. 278 at ¶15.). Thereafter, and in accordance with this Court's Preliminary Approval Order, TLC implemented the Notice Plan. *See* Exhibit 1. As part of ensuring that the Notice Plan was followed and that the Settlement has, to date, been properly administered, TLC analyzed BB&T's spreadsheet identifying all Class Members, mailed the Court approved Notice to all Class Members, established and maintained two separate settlement websites, and procured publication of the notice of the Settlement in the Mountain Press. *Id.* The Settlement Administrator then monitored the websites and all returned mail, attempted to ascertain why certain mailings were returned, made a diligent search for updated contact information for the applicable Class Members and/or their representatives, and re-sent the initial Notice of the Settlement to the respective Class Members based upon the additional information obtained. *Id.* In addition, and as it relates to the Settlement Funds and the anticipated allocation of the same, the Settlement Administrator has set up the necessary Qualified Settlement Fund/Escrow Account required under the Settlement Agreement, has retained the services of a Certified Public Account to assist in questions from the bank, BB&T, and its counsel, and has overseen the deposit of the initial $500,000 paid into the Fund as provided for in the Settlement Agreement. *See* Exhibit 2.

By all accounts, the Settlement Administrator has diligently carried out the duties and responsibilities bestowed upon it through the Settlement Agreement and this Court's Order, and it is submitted that, based upon the Administrator's conduct to date and the express

statements of the same, that the Settlement Administrator will continue to satisfy all of its obligations in this case and fully administer the remainder of the Settlement Agreement should this Court grant Plaintiffs' Motion for Final Approval of the Class Action Settlement. Accordingly, and pursuant to the Settlement Agreement [Doc. 276], Plaintiffs now respectfully move for an order awarding the Settlement Administrator the fees and expenses it has and will incur in this matter in the amount of $24,937.82, payable by the Settlement Administrator from the Settlement Fund or, in the alternative, an Order instructing Class Counsel to pay for the same, with such additional expenses to be paid to Class Counsel from the Settlement Fund, the same being in line with the Settlement Agreement. *See* Doc. 276 at Section 10.

As demonstrated herein, the Settlement Administrator's request for an award of costs is appropriate and the fees and expenses sought are fair and reasonable under the circumstances of this case. Accordingly, and because BB&T's counsel does not oppose the request, the same should be granted.

## III. ADMINISTRATION COSTS

The Settlement Agreement obtained establishes a common fund and sets forth the Parties' agreement to utilize a Settlement Administrator to not only provide Notice of the Settlement to all Class Members but also to administer the Settlement, disburse the Settlement Fund as agreed and approved, and perform other tasks attendant with such duties and responsibilities. *See* Settlement Agreement, Doc. 276 and 276-3; *see also* Doc. 278.

Rule 23(h) of the Federal Rules of Civil Procedure expressly authorizes a court to award "reasonable attorney's fees and nontaxable costs that are authorized by law or by

the parties' agreement." Fed. R. Civ. P. 23(h). Under a Common Fund Analysis Courts have "the historic power of equity" to permit a party recovering a fund for the benefit of others to recover costs, including his/her/its attorney fees, from the fund itself or from the other parties enjoying the benefit. *Alyeska Pipeline SVC Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975).

"Settlement administrators are typically entitled to 'reimbursement for fees, costs, and expenses incurred in connection with the administration of the settlement fund." *County of Monmouth, New Jersey v. Florida Cancer Specialists*, No. 2:18-cv-201-SDM-KCD, 2022 WL 18716679 at *4 (M.D. Fla. Oct. 21, 2022) (quoting *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1357 (11th Cir. 2003). This is true because "[t]he Settlement Notice, claims review, and payment distribution services provided by the Settlement Administrator are essential to carry out the Settlement." *Karpik v. Huntington Bancshares Inc.,* 2021 Employee Benefits Cas. 72334 (S.D. Ohio Feb. 18, 2021) (approving approximately $105,000 in costs to administer a settlement fund of $10.5 million).

Here, pursuant to the Settlement Agreement, BB&T will create a $6,300,000 common fund for the benefit of the Class, and, in addition to the requested attorney's fees, expenses, and incentive awards, it is requested that the Court also compensate the Settlement Administrator for administering the approved Settlement Agreement as ordered and as contemplated in Section 10 of the Settlement Agreement. The categories of expenses for which Class Counsel seek payment in this case—those at issue in Class Counsel's motion for fees, expenses, and incentive awards as well as those sought in the instant motion—are precisely the type of expenses routinely charged in similar cases and, therefore, are properly awarded from the common fund. *See Cosby*, 2022 WL 4129703, at *3 (Counsel

"'is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document productions, consulting with experts and consultants, travel and other litigation-related expenses.'"); *Fruit of the Loom*, 234 F.R.D. at 635 ("[T]he categories of expenses for which Plaintiffs' counsel seek reimbursement are the type routinely charged to hourly fee-paying clients and thus should be reimbursed out of the settlement fund.").

In this matter, the Settlement Administrator has incurred $13,377.03 in costs and expenses to date. *See* Exhibit 2, ¶ 10. In addition, the Settlement Administrator anticipates that it will incur an additional $11,560.79 in fees and expenses to fully administer the Settlement. *Id.* at ¶ 13. As set forth in greater detail in the Settlement Administrator's Supplemental Declaration, TLC has advanced all costs and expenses in administering the Notice Plan and in preparing to further administer the Settlement if approved. *Id.* at ¶ 14. Each expense for which the Settlement Administrator seeks reimbursement was necessary and directly related to this litigation and previously contemplated and/or refenced in the Settlement Agreement and/or this Court's Order preliminarily approving the Settlement. *Id.*, at ¶ 15.

The Settlement Administrator was responsible for preparing, printing, and mailing the notice of the Settlement, establishing and maintaining the settlement website, and procuring publication in the Mountain Press for further notice to the public and all Class Members who may not have received the direct mailer and will be responsible for calculating all Court-approved distributions and drafting and mailing settlement award checks to the Final Settlement Class Members. The Settlement Administrator has also

incurred time and expense in establishing the requisite Qualified Settlement Fund under Section 468B of the Internal Revenue Code and Treasury regulations promulgated thereunder and in the retention of a CPA to address and resolve matters that have arisen relating thereto. It is clear that TLC has already contributed substantially to this matter and that it will, at the conclusion of the case and following the allocation of the approved settlement funds, have done a great deal of work and spent a significant amount of time and expense to assist in and administer the Settlement. *See* Exhibits 1 and 2.

There have been no objections to TLC's work, and it is submitted that its fees and expenses are fair and reasonable considering the tasks accomplished. More particularly, it is submitted that the services TLC has provided and will perform in the in the future relating to this matter are reasonable and necessary to disseminate the Court-ordered Notice Plan and are essential to carry out the Settlement and to administer the Settlement Fund.

### III. CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request this Court approve payment for the Settlement Administrator's fees and expenses incurred in this matter in an amount of $24,937.82 from the $6,300,000 common fund.

Respectfully submitted,

*/s/ Donald K. Vowell*
Donald K. Vowell, (#006190)
THE VOWELL LAW FIRM
6718 Albunda Drive
Knoxville, TN 37919
865/292-0000
865/292-0002 fax
don@vowell-law.com

6

Gregory Brown, (#027944)
W. Scott Hickerson, (#026369)
G. Alan Rawls, (# 038300)
LOWE YEAGER & BROWN, PLLC
920 Volunteer Landing, Suite 200
Knoxville, TN 37915
865/521-6527
865/637-0540 fax
gb@lyblaw.net
wsh@lyblaw.net
gar@lyblaw.net

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

Counsel hereby certifies that on June 10, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Donald K. Vowell