UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SEVIER COUNTY SCHOOLS FEDERAL
CREDIT UNION, ET AL.,

    Plaintiffs,

v.

BRANCH BANKING TRUST &
COMPANY,

    Defendant.

Civil Action No.: 3:19-cv-138

Judge Travis R. McDonough

Magistrate Judge Debra C. Poplin

## UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs, individually and on behalf of the proposed Settlement Class, hereby submit this unopposed motion seeking final approval of the class action settlement and request that this Court grant final approval of the Settlement and that it approve the requested attorneys' fees, expenses, incentive awards, and administrative costs. In support thereof, Plaintiffs rely on the Declaration(s) of the Settlement Administrator; the Declaration of BB&T's counsel, the complete file and record in this Action; and such oral argument as the Court may consider in deciding this motion.

### I. INTRODUCTION

Through the parties' Settlement, which was granted Preliminary Approval by this Honorable Court on February 16, 2024 (Doc.278), Defendant Branch Banking & Trust Company ("Defendant" or "BB&T") will pay $6,300,000.00 to settle the Action. The amount to be paid to each Final Settlement Class Member (no Class Members opted out of the Settlement), shall be based upon the amount each Final Settlement Class Member had on deposit as of the Benchmark Date of February 1, 2018, compared to the aggregate amount of funds all Final Settlement Class

1

Case 3:19-cv-00138-TRM-DCP     Document 282     Filed 06/10/24     Page 1 of 12
PageID #: 5819

Members had on deposit in the subject accounts as of that date. That percentage will then be applied to the Net Proceeds that remain in the Settlement Fund after all approved fees, expenses, and costs are deducted, to arrive at the amount to be paid to each Final Settlement Class Member.

The preliminarily approved Settlement further provides that from the overall Settlement Fund, Class Counsel, Lowe Yeager & Brown PLLC and The Vowell Law Firm, may move the Court for an award of reasonable attorneys' fees not to exceed one-third of the Settlement Fund. The balance of the Settlement Fund, less expenses, administrative costs, and incentive awards to each named Plaintiff, will be paid to the Final Settlement Class Members.

In accordance with this Court's Preliminary Approval Order, the Settlement Administrator ("The Trial & Litigation Company, LLC" or "TLC") sent direct mail notice of the Settlement to all Class Members. *See* Exhibit 1, Declaration of the Settlement Administrator. Separately, BB&T Counsel were tasked with providing notice of the Settlement to the requisite government agencies pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA"). No Class Member has made an objection to the Settlement, no Class Members opted out by requesting exclusion from the Settlement, and, to Class Counsel's knowledge, no objections have resulted from the CAFA Notice. *See* Exhibits 2 and 3, Supplemental Declaration of Settlement Administrator and Declaration of BB&T's counsel respectively. Given the foregoing, Plaintiffs respectfully request that this Court finally approve the Settlement and approve the requested fees, expenses, and incentive awards. Defendant does not oppose the requested relief.

## II.     SUMMARY OF THE SETTLEMENT

Following preliminary approval, TLC—the Court-approved Settlement Administrator—implemented the Notice Plan by providing direct mail notice to all Class Members at their last known address according to Defendant's records. *See* Exhibit 1. In addition, the Settlement

Administrator created and maintained a Settlement Website containing additional details about the Settlement and relevant court documents, and published notice of the Settlement in The Mountain Press. *See id.* Prior to mailing the Notice, TLC updated the Class Members' addresses, as set forth in the Final List BB&T provided, by comparing the same with information obtained from available databases/resources. *See id.* Based on BB&T's records, the Parties have confirmed that the Settlement Class consisted of 121 individuals and/or entities. Based on the assertions of the Settlement Administrator and because none of the notices sent by direct mail remain "undelivered" to counsel's knowledge, it appears that approximately 100% of the 121 class members were provided and/or received direct mail notice of the settlement at their last known addresses. *See id.*

The Settlement Class's reaction to the Settlement has been universally positive—no objections to the Settlement have been filed and no Class Member has sought to be excluded from the Settlement. *See* Exhibit 2. Moreover, no objections resulted from the Notice provided to governmental agencies under CAFA. *See* Exhibit 3. As a result, the Final Settlement Class Members, consisting of all 121 Class Members identified, will be provided a check based on their share of the funds on deposit as of the Benchmark Date. *See* Doc. 276-3. If any funds remain in the Settlement Fund from uncashed or undeliverable checks 90 days after the checks have been mailed, these residual funds will be redistributed to the Final Settlement Class Members who cashed the initial settlement checks, again based on their share of the funds on deposit as of the Benchmark Date. *See id.* If any funds remain in the Settlement Fund from uncashed or undeliverable redistribution checks 90 days after the second round of checks is distributed, such residual funds will be disbursed to the Legal Aid of East Tennessee ("LAET") as a *cy pres* recipient. *See id.*

Separately, Class Counsel, Lowe Yeager & Brown PLLC and The Vowell Law Firm, have moved the Court for their reasonable attorneys' fees in the amount of one-third of the total Settlement Fund as well as an award of their reasonable expenses, and an incentive award incentive awards of $10,000.00 to be provided each Named Plaintiff who was preliminarily approved as a Class Representative, *See* Doc. 279. In addition, the Plaintiffs also request the court to approve the fees and expenses of the Settlement Administrator, i.e. the costs to administer the Settlement, in the total amount of $24,937.82. *See* Doc. 281. All of the fees and expenses sought herein and referenced in Docs. 279 and 281, are to be deducted from the Settlement Fund prior to the disbursement of the settlement payments to the Final Settlement Class Members. The Plaintiffs also propose to hold back a Contingency Fund to be used for any unanticipated expenses with the any amounts remaining in the Contingency Fund to be distributed to the Final Settlement Class Members in accordance with the Plan of Allocation. These fees and expenses are summarized, as follows:

| Item | Fee or Expense |
|---|---:|
| Settlement Fund | $6,300,000 |
| Attorney Fees | -$2,100,000 |
| Expenses incurred by counsel | -$73,646.76 |
| Incentive Awards ( 11 x $10,000) | -$110,000 |
| Payment to Settlement Administrator | -$24,937.82 |
| Contingency Fund | -$5,000 |
| Initial Balance to Class Members | $3,986,415.42 |

### III. THIS COURT SHOULD APPROVE THE SETTLEMENT AS FAIR, REASONABLE AND ADEQUATE

The Sixth Circuit has identified seven factors for analyzing the reasonableness and adequacy of a class action settlement: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class

4

Case 3:19-cv-00138-TRM-DCP   Document 282   Filed 06/10/24   Page 4 of 12
PageID #: 5822

representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Rule 23(e) itself requires the Court to consider several additional factors, including that the class representatives and class counsel have adequately represented the class, and that the settlement treats class members equitably. Fed. R. Civ. P. 23(e). In applying these factors, this Court should be guided foremost by the general principle that settlements of class actions are favored by the courts. *See*, *e.g.*, *In re Skechers Toning Shoe Prods. Liab. Litig.*, No. 3:11-MD-2308-TBR, 2013 WL 2010702, at *3 (W.D. Ky. May 13, 2013) (Russell, J.) ("Federal policy favors class action settlement."); *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 434 (11th Cir. 2012) ("Our judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement."); *See also Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) ("Particularly in class action suits, there is an overriding public interest in favor of settlement.").

Here, each relevant factor supports the conclusion that the Settlement is fundamentally fair, reasonable, and adequate, and should be finally approved.

### A. There Was No Fraud or Collusion in the Settlement

As set forth in the Settlement Agreement, the Settlement resulted from good faith, arm's-length settlement negotiations. As part of that process, the Parties participated in written discovery, a robust motions practice, and a mediation conducted by experienced third-party neutral Hunter Hughes. And, as referenced elsewhere, motions for summary judgment, filed by both Parties, and a motion for class certification were pending when the settlement was reached.

5
Case 3:19-cv-00138-TRM-DCP   Document 282   Filed 06/10/24   Page 5 of 12
PageID #: 5823

"Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 531 (E.D. Ky. 2010), *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011). Here, no one has alleged that the settlement is the product of fraud or collusion and there is no evidence to indicate such. *See Walls v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-673-DJH, 2016 WL 6078297, at *3 (W.D. Ky. Oct. 14, 2016) (Hale, J.) ("Thus, because no party has alleged fraud or collusion and the parties conducted arm's-length negotiations, this factor supports approval of the settlement."). The Parties' arm's-length settlement negotiations demonstrate the fairness of the settlement that was reached, and that it is not a product of fraud or collusion. Given, therefore, that there is no collusion or fraud underlying the Settlement, this factor strongly supports final approval of the settlement.

### B. The Complexity, Risks, Expense and Delay Posed by Continued Prosecution of this Litigation through Trial Favors Final Approval

"In evaluating a proposed class settlement, the Court must also weigh the risks, expense and delay the plaintiffs would face if they continued to prosecute the litigation through trial and appeal." *Thacker*, 695 F. Supp. 2d at 531. It bears noting that "[m]ost class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent v. Midland Funding, LLC*, 2011 WL 3862363, at *16 (N.D. Ohio Sept. 1, 2011).

Notwithstanding the strength of Plaintiffs' case, every lawsuit and every class action involves some degree of uncertainty on the merits. Settlements like that proposed here resolve this inherent uncertainty and are therefore strongly favored by the courts, particularly in the class action context. The Parties disagree about the merits of Plaintiffs' claims, and there is uncertainty about the ultimate outcome of this litigation and whether a class would have been certified.

The Defendant argued that Plaintiffs' damages claims were, at least in part, speculative and unrecoverable, and asserted defenses both to the merits of Plaintiffs' claims and, specifically, rebutting the amount of damages, if any, Plaintiffs were potentially entitled to recover. Therefore, even if Plaintiffs had proceeded to trial on their class claims and prevailed on the merits, there was no guarantee this Court or a jury would award the class the full amount of the damages they sought to recover. *See* e.g., *Thacker*, 695 F. Supp. 2d at 531 ("Proceeding without a settlement in this action thus exposed the Class to risk in connection with establishing the factual bases to support some of the Class's legal theories, in proving damages, and in collecting any amount that is ultimately awarded.").

Given these considerations, final approval of the Settlement is warranted in this matter. *See*, e.g. *Wright v. Premier Courier, Inc.*, 2018 WL 3966253, at *5 (S.D. Ohio Aug. 17, 2018) ("Accordingly, due to the existence of uncertainties inherent in their claims, Plaintiffs' likelihood of success on the merits remains uncertain. This factor therefore weighs in favor of approving the Proposed Settlement.") Therefore, this factor weighs heavily in favor of settlement on a class wide basis.

### C. The Parties Sufficiently Developed the Factual Record through Discovery such that Plaintiff and Their Counsel Can Make A Reasoned Judgment Concerning Settlement

Courts also consider "the degree of case development that class counsel have accomplished prior to settlement to ensure that counsel had an adequate appreciation of the merits of the case before negotiating." *Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 303-04 (S.D. Miss. 2014). Here, there is no doubt that the factual record was and is sufficiently developed. The Parties exchanged written and document discovery and collectively took sixteen (16) fact and expert depositions. The Parties' counsel had numerous discussions about the merits of the

case and the scope of Defendant's alleged misconduct. And the Parties had fully briefed summary judgment and class certification. At the time the Settlement was reached, then, the Parties had sufficient information and fact to thoroughly evaluate the potential risks in moving forward with the litigation. After years of litigation, an appeal to the Sixth Circuit, a petition for a writ of certiorari to the United States Supreme Court, numerous disputes resolved by this Court, and the filing of multiple dispositive motions, the Settlement at issue in the instant Motion was achieved with a clear view as to the strengths and weaknesses of the case.

### D. The Probability of Plaintiffs' Success On The Merits Coupled With The Range of Possible Recovery Favor Final Approval

Next, "[t]he likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984). "The fairness of each settlement turns in large part on the bona fides of the parties' legal dispute. Although this inquiry understandably does not require us to decide the merits of the case or resolve unsettled legal questions," this Court must nevertheless "weigh[] the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement." *United Auto.*, 497 F.3d at 631. In determining whether a settlement is fair in light of the potential range of recovery, this Court is guided by the important maxim that a proposed settlement may be only a fraction of the theoretical recovery, yet still fair and adequate in light of the attendant risks of litigation. See *Thacker,* 695 F. Supp. 2d at 532.

As an initial matter, the damages recoverable in this Action were hotly disputed by the Parties. Also noteworthy is the fact that there was no guarantee that Plaintiffs would recover the full amount of their claimed damages at trial, or to make any recovery at all, because of the various defenses BB&T raised in relation to that sought in Plaintiffs' Complaint. Accordingly, even had Plaintiffs prevailed at trial, the jury may have awarded less than what Plaintiffs asserted they

were entitled to as compensatory damages and potentially no damages in the way of injunctive relief, disgorgement, or punitive damages. *See Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("Because damages are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable.").

Given the foregoing, the immediate relief provided by the Settlement is substantial, and each Final Settlement Class Member will receive a share of the settlement funds based on the amount each had on deposit as of the Benchmark Date compared to the total aggregate amount all Class Members had on deposit as of that date. Therefore, considering the benefits obtained through the negotiated Settlement, in comparison to those benefits likely recoverable at trial, and the risks associated with moving forward, this factor supports final approval of the Settlement. *See Walls*, 2016 WL 6078297, at *4.

### E. The Positive Reaction Of The Class Members To The Proposed Settlement Supports Final Approval

Of the 121 Class Members to whom TLC distributed direct mail notice, none have objected to the Settlement, and none have sought exclusion from it. *See* Exhibits 1 and 2. Moreover, no objections resulted from the CAFA Notice. *See* Exhibit 3. This universally favorable reaction to the Settlement supports its approval. *See In Re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("A certain number of ... objections [and opt-outs] are to be expected in a class action.... If only a small number are received, the fact can be viewed as indicative of the adequacy of the settlement."); *In re Skechers Toning Shoe Prod. Liab. Litig.*, 2013 WL 2010702, at *7 ("As detailed above, the Court has only received eleven written objections to the proposed settlement. Notably, only two of those actually address the substance of the

settlement's terms…. Based on this evidence, the Court concludes that the overwhelming majority of the potential class members have no objection to the proposed settlement, and this weighs in favor of settlement.").

### F. The Opinions of Plaintiffs and Their Counsel Strongly Favor Final Approval.

Plaintiffs and their counsel (Class Counsel) firmly believe that the Settlement reached in this Action is fair, reasonable, and adequate, and that it is in the best interests of the Class Members. *See* Doc. 279 and declarations filed in support. Courts accord great weight to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation. *See Thacker*, 695 F. Supp. 2d at 532 ("In deciding whether a proposed settlement warrants approval, the informed and reasoned judgment of plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference."); *In re Skechers Toning Shoe Prod. Liab. Litig.*, 2013 WL 2010702, at *6 (same). Here, Plaintiffs' counsel is experienced in class action litigation. *See* Docs. 159, 159-2 through 159-5, 279-1, and 279-2. The Parties' and their counsel's strong support for this settlement thus weighs in favor of final approval. *See Walls*, 2016 WL 6078297, at *4 ("Because the settlement is supported by Plaintiffs and Class Counsel, this factor weighs in favor of approval.").

### G. The Public Interest Favors Approval

"Settlement of class action litigation is strongly favored in the law and as a matter of federal policy." *Date v. Sony Elecs., Inc.*, 2013 WL 3945981, at *5 (E.D. Mich. July 31, 2013). The settlement serves the public interest by resolving the class's claims and preserving judicial resources.

### H. Class Counsel and Plaintiffs Have Adequately Represented the Class

This Court previously found that Class Counsel "have adequately represented, and will continue to adequately represent, the *Settlement Class*." Doc.278 at ¶6. Similarly, the Court also found that the Plaintiffs, each of whom has been preliminarily designated as a Class Representative, "have adequately represented, and will continue to adequately represent, the *Settlement Class*." *Id.* Since that finding, Plaintiffs have remained committed to this case and the Settlement Class, and through the settlement process have obtained a meaningful recovery for the Class Members. As a result, Plaintiffs and their counsel have clearly adequately represented the class.

### I. The Settlement Treats Class Members Equitably

Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory committee's note (2018).

Here, as a result of using a share factor to determine the amount each Final Settlement Class Member is to obtain from the Settlement Fund, Plaintiffs and Class Counsel believe the Settlement reached undoubtedly treats all Class Members equitably and awards those who initiated, pursued, and ultimately helped obtain a meaningful recovery for the class in a fair and reasonable manner.

## IV. CONCLUSION

For the foregoing reasons, and because neither Defendant nor any class member opposes the requested relief, Plaintiffs respectfully request that this Court grant final approval of the Settlement and approve both the motion for attorneys' fees, expenses, incentive awards and the motion for the administrative costs presented herein and through separate filings.

Respectfully submitted,

*/s/ Donald K. Vowell*
Donald K. Vowell, (#006190)
THE VOWELL LAW FIRM
6718 Albunda Drive
Knoxville, TN 37919
865/292-0000
865/292-0002 fax
don@vowell-law.com

Gregory Brown, (#027944)
W. Scott Hickerson, (#026369)
G. Alan Rawls, (# 038300)
LOWE YEAGER & BROWN, PLLC
920 Volunteer Landing, Suite 200
Knoxville, TN 37915
865/521-6527
865/637-0540 fax
gb@lyblaw.net
wsh@lyblaw.net
gar@lyblaw.net

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

Counsel hereby certifies that on June 10, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Donald K. Vowell*