UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SEVIER COUNTY SCHOOLS FEDERAL CREDIT UNION *et al.*, | ) ) ) | Case No. 3:19-cv-138 |
| *Plaintiffs*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Debra C. Poplin |
| BRANCH BANKING & TRUST COMPANY, | ) ) ) ) | |
| *Defendant*. | ) | |

**ORDER**

This matter came before the Court for hearing on June 17, 2024, pursuant to the Court's *Preliminary Approval Or*der dated February 16, 2024 (Doc. 278), on the motion to approve administrative costs (Doc. 281), on *Class Counsel's* motion for an award of attorneys' fees and expenses and for Class Representative incentive awards (the "Fee Motion") (Doc. 279), and on the motion for final approval of the class settlement agreement entered into by the Parties (Doc. 276) (the "Motion for Final Approval"). Due and adequate notice having been given to the *Settlement Class Members* of the proposed *Settlement* and the pending motions, as directed by the Court's *Preliminary Approval Order*, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. Italicized terms not otherwise defined herein have the meanings set forth in the *Settlement Agreement*.

2. This *Court* has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the *Parties* and the *Settlement Class Members*.

3. Venue is proper in this District.

4. The "Settlement Class" for purposes of this Final Approval Order means:

> All *Persons* having a Money Rate Savings Accounts at BB&T on the *Benchmark Date* of February 1, 2018, which was initially opened as Money Market Investment Accounts at First National Bank of Gatlinburg between approximately 1989 and 1992.

5. The *Court* finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

6. The Court finds that the *Notice Plan* for disseminating notice to the *Settlement Class*, provided for in the *Settlement Agreement* and previously approved and directed by the *Court*, has been implemented by the *Settlement Administrator* and the *Parties*. The *Court* finds that such *Notice Plan*, including the approved forms of notice: (a) constituted the best notice practicable under the circumstances; (b) included direct individual notice to all *Settlement Class Members* who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise *Settlement Class Members* of the nature of the *Action*, the definition of the *Settlement Class* certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the *Settlement Class*, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

7. The *Court* hereby finds that all *Persons* who fall within the definition of the *Settlement Class* have been adequately provided with an opportunity to exclude themselves from the *Settlement Class* by submitting a request for exclusion in conformance with the terms of the *Settlement Agreement* and this *Court's Preliminary Approval Order*. The *Court* further finds that none of the *Persons* who fall within the definition of the *Settlement Class* has submitted a timely and valid request for exclusion and that, as a result, all *Settlement Class Members* are *Final Settlement Class Members*, are part of the *Settlement Class* and shall be bound by this *Final Approval Order* and the *Settlement Agreement*.

8. The *Court* reaffirms that this *Action* is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

9. The *Court* finds that, for settlement purposes, the *Settlement Class*, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3)— namely, that (1) the *Settlement Class Members* are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the *Settlement Class Members*; (4) Plaintiffs and *Class Counsel* have adequately represented, and will continue to adequately represent, the interests of the *Settlement Class Members*; and (5) for purposes of settlement, the *Settlement Class* meets the predominance and superiority requirements of Rule 23(b)(3).

10. The *Court* reaffirms its appointment of the following *Persons* as *Class Representatives* of the *Settlement Class*: Sevier County Schools Federal Credit Union; Timothy Munson, authorized representative of Suzanne Munson; Geoffrey Wolpert; Charles McGaha; Charles McGaha, authorized representative of Charlene McGaha; Robin Nichols; Gregory Nichols; Gregory Nichols as personal representative of the Estate of Rex Nichols; Sarah

Morrison; April Galyon as personal representative of the Estate of Edith LaFollette; and John Plummer as personal representative of the Estate of Samuel Lyle. The Court further reaffirms its appointment of Gregory Brown, Scott Hickerson, and Alan Rawls of Lowe Yeager & Brown, PLLC and Donald Vowell of The Vowell Law Firm as *Class Counsel* to represent the *Settlement Class*.

11. The Court finds that the *Settlement Agreement* warrants final approval pursuant to Rule 23(e)(2) because, the Court finds that the *Settlement Agreement* is fair, reasonable, and adequate and is in the best interest of the *Settlement Class*, after weighing the relevant considerations. <u>First</u>, the *Court* finds that Plaintiffs and *Class Counsel* have adequately represented the *Settlement Class* and will continue to do so through *Settlement* implementation. <u>Second</u>, the proposed *Settlement Agreement* was reached as a result of arms-length negotiations among counsel for the *Parties*, assisted by an experienced mediator, Hunter Hughes, and comes after a detailed and informed investigation and analysis by counsel for the *Parties*. <u>Third</u>, the *Court* finds that the relief proposed to be provided for the *Settlement Class*—(a) a non-reversionary settlement fund of $6.3 million—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to *Settlement Class Members*, and the proposed method of distributing payments to the *Settlement Class* (i.e., direct payments by mailed checks, with no claim required). <u>Fourth</u>, the *Court* finds that the *Settlement Agreement* treats *Settlement Class Members* equitably relative to each other. Under the terms of the *Settlement Agreement*, each *Final Settlement Class Member* who has not excluded themselves from the *Settlement* and is eligible to receive payment will receive a portion of the *Settlement Fund* (after payment of attorney's fees and costs, incentive awards, and notice and settlement administration costs) in amounts

proportionate to their share of the aggregate amount of money all *Final Settlement Class Members* had on deposit in the subject accounts as of the *Benchmark Date*.

12. The Court also finds that the *Settlement Agreement* is fair, reasonable, and adequate under the "*Grinnell* factors" applied by courts in this Circuit in evaluating class settlements, namely: (a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through the trial; (g) the ability of the defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light of the best possible recovery; and (i) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. See *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

13. The Motion for Final Approval is hereby **GRANTED**, and the *Settlement Agreement* and its terms are hereby **APPROVED** upon finding that they are fair, reasonable, and adequate and in the best interest of the *Settlement Class*. The *Parties* and *Settlement Administrator* are directed to consummate and implement the *Settlement Agreement* in accordance with its terms, including distributing settlement payments to the *Final Settlement Class Members* who did not opt out and exclude themselves from the *Settlement* in the manner prescribed in the *Plan of Allocation* submitted with the *Settlement Agreement* (Doc. 276-3).

14. The *Action* will remain on the Court's docket, and under the supervision of the *Court*, until the *Settlement* is consummated, with all payments required under the *Settlement Agreement* being made. When the *Settlement* is concluded the *Action* will be dismissed with prejudice on motion of the *Parties*.

15. In consideration of the benefits provided under the *Settlement Agreement*, it is hereby ordered, adjudged and decreed that the claims made in the *Action* herein are hereby dismissed with prejudice.

16. Without affecting the finality of this *Final Approval Order* in any way, this Court retains jurisdiction over (a) implementation of the *Settlement Agreement* and the terms of the *Settlement Agreement*; (b) *Class Counsel's* motion for attorneys' fees, expenses, and incentive awards; (c) the motion to approve administrative costs; (d) distribution of the *Settlement Fund*, *Class Counsel* attorneys' fees and expenses, the *Class Representatives' Incentive Awards*, and the *Settlement Administrator's* fees and expenses; and (e) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the *Settlement Agreement*. The time to appeal from this *Final Order and Judgment* shall commence upon its entry.

17. Upon finding that the same to be reasonable and appropriate under the circumstances and upon determining there to be no opposition to the request, the Court GRANTS *Class Counsel's* Fee Motion (Doc. 279) and awards *Class Counsel* attorneys' fees in the amount of one-third of the Settlement Fund plus expenses in the amount of $73,646.76, payable by the *Settlement Administrator* from the Settlement Fund. The Court further awards the *Class Representatives* $10,000.00 each as incentive awards, payable by the *Settlement Administrator* from the *Settlement Fund*.

18. Upon finding that the same to be reasonable and appropriate under the circumstances and upon determining there to be no opposition to the request, the Court GRANTS the motion to approve administrative costs (Doc. 281), and awards the *Settlement*

*Administrator* fees and expenses in the amount of $24,937.82, payable by the *Settlement Administrator* from the *Settlement Fund.*

19. Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and expressly directs this Final Approval Order be immediately entered by the Clerk of the Court as a final judgment.

**SO ORDERED.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**